IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY ADAMS | : CIVIL ACTION No. 2:22-cv-01159 |
| Plaintiff, | : |
| v. | : **ELECTRONICALLY FILED** |
| THE UNITED STATES OF AMERICA, and TEHRON K. CARTER | : |
| Defendants. | : **COMPLAINT IN CIVIL ACTION** |
| | : Filed on behalf of Plaintiff: |
| | : Ashley Adams |
| | : **JURY TRIAL DEMANDED** |

Counsel of Record for this Party:
Jared S. Zafran, Esquire
Attorney ID No: 208269
1500 Walnut Street, Suite 500
Philadelphia, PA  19102
Phone: 215-587-0038
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY ADAMS | : CIVIL ACTION No. 2:22-cv-01159 |
| Plaintiff, | : |
| v. | : **ELECTRONICALLY FILED** |
| UNITED STATES POSTAL SERVICE, and TEHRON K. CARTER | : |
| Defendants. | : **COMPLAINT IN CIVIL ACTION** |
| | : Filed on behalf of Plaintiff: |
| | : Ashley Adams, |
| | : **JURY TRIAL DEMANDED** |

**COMPLAINT IN CIVIL ACTION**

AND NOW, come, Plaintiffs, by and through their attorney, Jared S. Zafran, Esquire, file this Complaint in Civil Action against the United States of America by and through its agency, the United States Postal Service, and Tehron Carter, Defendants, and in support thereof avers as follows:

**JURISDICTION AND VENUE**

1. The Jurisdiction of this Court is based upon the Federal Tort Claims Act, 28 U.S.C. §1346(b), 2671-2680.

2. Plaintiffs filed administrative claims with the Postmaster General of the United States Postal Service on September 23, 2020, as required by 29 U.S.C. §2675(a), and have yet to receive a denial of claim.

3. Venue is proper under 28 U.S.C. §1402(b) as this incident occurred in this judicial district.

## PARTIES

4. Plaintiff is Ashley Adams, an adult resident of the state of Pennsylvania residing at 2326 N. 30th Street, Philadelphia, PA, 19132.

5. Defendant is The United States of America by and through its agency The United States Postal Service.

6. Defendant is Tehron Carter, an adult resident of the Commonwealth of Pennsylvania, residing at 609 Collingdale Avenue, Collingdale, PA 19023

## FACTUAL BACKGROUND

7. On June 23rd, 2020, Plaintiff, Ashley Adams, was seated in a parked motor vehicle located on N. 30th Street, at or near its intersection with Gordon Street.

8. At or about the same time and location, Defendant, Tehron Carter, was operating a motor vehicle owned and/or leased and/or maintained by the Defendant, The United States of America, through their agency, The United States Post Office.

9. At the above time and place, Defendant, Tehron Carter, operated Defendant, The United States of America's, motor vehicle in such a negligent and careless fashion that, while proceeding southbound on N. 30th Street at or near its intersection with Gordon Street, they struck the side of the parked vehicle occupied by the Plaintiff, thereby causing the Plaintiff to sustain serious and diverse personal injuries.

10. The aforementioned accident was caused solely and exclusively by reason of the negligence, carelessness, and liability producing conduct of the Defendants, and was not due to any act, or failure to act, on the part of the Plaintiffs.

11. At all times material hereto, Defendant, Tehron Carter, was acting within the course and scope of his employment and agency for the Defendant, The United States of America, via The

United States Postal Service, who therefore is vicariously liable for his negligent conduct through the doctrine of *respondeat superior.*

## COUNT ONE

### Federal Tort Claims Act, 28 U.S.C. §1346(b), 2671-2680
### PLAINTIFF ASHLEY ADAMS VS. DEFENDANT TEHRON CARTER

12.     Plaintiff, Ashley Adams, incorporates by reference the allegations set forth in the preceding paragraphs of the complaint as though same were set forth at length herein.

13.     The negligence and carelessness of Defendant, Tehron Carter, acting as aforesaid, consisted of the following:

    (a)     Operating the aforementioned vehicle at an excessive rate of speed;

    (b)     Failing to have proper and adequate control of the aforementioned vehicle so as to avoid accidents;

    (c)     Failing to keep a proper lookout;

    (d)     Failing to use due care under the circumstances;

    (e)     Violating the pertinent provisions of the Pennsylvania Motor Vehicle Code;

    (f)     negligence, per se; and in being otherwise careless and negligent, the particulars of which are presently unknown to Plaintiff but which may be learned by discovery procedures provided by the Federal Rules of Civil Procedure or which may be learned at the trial of this case.

14.     As a direct and proximate result of the negligence, carelessness, and liability producing conduct of the Defendants, Plaintiff sustained severe and serious personal injuries to her body of both a temporary and permanent nature, including, but not limited to: injuries to the back, to the hip, and to the neck, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

15.     As a further direct and proximate result of the aforementioned accident, Plaintiff, sustained permanent injuries which have not healed to function normally, and will not heal to function normally, and will not heal to function normally with further medical treatment.

16.     As a further direct and proximate result of the aforementioned accident, and the negligence, carelessness, and liability producing conduct of the Defendants herein, Plaintiff, sustained serious personal injuries.

17.     The aforementioned acts of the Defendants herein, were the direct and proximate cause of the subject motor vehicle accident, and the injuries and damages sustained by Plaintiff, and said resulting injuries and damages were not caused in any way by any act, or failure to act, on the part of the Plaintiff herein.

18.     As a further direct and proximate result of the Defendants' negligence and liability producing conduct, as set forth herein, Plaintiff, sustained further injuries, including emotional distress, which may be permanent in nature.

19.     As a further direct and proximate result of the aforementioned accident, Plaintiff has been, or will be obliged to receive and undergo medical attention and care, and expended various sums of money and/or incur various expenses, all to his great detriment and loss.

20.     As a further direct and proximate result of the accident aforementioned, Plaintiff has experienced severe limitations of her normal pursuits of daily living habits, duties in and about her household, and ability to perform at normal capacity in and about her home and employment, and is unable to participate in normal recreational/social pursuits as she did prior to this accident, all to her great detriment and loss.

21.     As a further direct and proximate result of the aforementioned accident, and by reason of the injuries sustained by the Plaintiff herein, said Plaintiff has suffered great pain and agony,

mental anguish and humiliation, past, present and future pain and suffering, loss of life's pleasures, and has been, and may be in the future, hindered from attending to her daily duties and functions and occupations, all to her great detriment and loss.

22. The aforesaid incident was due to the negligence and carelessness of the Defendant, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

WHEREFORE, Plaintiff prays this Honorable Court grant Plaintiff money damages in an amount that adequately compensates her for damages, attorneys' fees, costs, and other damages established by Plaintiff that are related to Defendant's negligent acts.

## COUNT TWO

### Federal Tort Claims Act, 28 U.S.C. §1346(b), 2671-2680
### PLAINTIFF ASHLEY ADAMS VS. DEFENDANT THE UNITED STATES OF AMERICA

23. Plaintiff, Ashley Adams, incorporates by reference the allegations set forth in the preceding paragraphs of this complaint as though same were set forth at length herein.

24. The aforesaid accident and resulting injuries, damages and property damage sustained by Plaintiff, as identified in Count One of this complaint, were caused as a direct and proximate result of the negligence, carelessness and other liability-producing conduct of Defendant The United States of America, through their agency, The United States Postal Service which consisted of the following:

    (a) Failing to properly train and/or supervise their agents and/or employees in the safe operation of a motor vehicle;

    (b) Permitting an agent and/or employee to operate the motor vehicle that they knew or reasonably should have known was an unsafe operator;

  (c) Violating the pertinent provisions of the Pennsylvania Motor Vehicle Code;

  (d) negligence, per se; and in being otherwise careless and negligent, the particulars of which are presently unknown to Plaintiff but which may be learned by discovery procedures provided by the Federal Rules of Civil Procedure or which may be learned at the trial of this case.

25. The aforesaid incident was due to the negligence and carelessness of the Defendant, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

26. Further, at all times material hereto, Defendant Carter was acting within the course and scope of his employment and agency with Defendant The United States of America, and therefore Defendant The United States of America is vicariously liable for his negligence through the doctrine of *respondeat superior*, and is responsible for the damages suffered by Plaintiff as detailed in Count One of this Complaint.

  WHEREFORE, Plaintiff prays this Honorable Court grant Plaintiff money damages in an amount that adequately compensates her for damages, attorneys' fees, costs, and other damages established by Plaintiff that are related to Defendant's negligent acts.

              Respectfully submitted,

              _____
              Jared S. Zafran, Esquire
              Attorney ID No: 208269
              1500 Walnut Street, Suite 500
              Philadelphia, PA   19102
              Phone: 215-587-0038

DATE:_____3/25/22_____

CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted,

_____
Jared S. Zafran, Esquire
Attorney ID No: 208269
1500 Walnut Street, Suite 500
Philadelphia, PA   19102
Phone: 215-587-0038

DATE:___3/25/22____

## VERIFICATION

Jared S. Zafran, Esquire hereby deposes and swears that he is the Attorney for the Plaintiff in this action, and that the statements made in the foregoing Complaint are true and correct to the best of his knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsifications to authorities.

**THE LAW OFFICE OF JARED S. ZAFRAN, LLC**
*/s/ Jared S. Zafran, Esq.*
JARED S. ZAFRAN, ESQUIRE
Attorney for Plaintiff